Joseph O'Sullivan Reno County Counselor P.O. Box 2067 Hutchinson, Kansas 67504-2067
Dear Mr. O'Sullivan:
As Reno County Counselor you request our opinion regarding whether Reno County may collect a solid waste disposal fee from other counties that contract with Reno County to dispose of solid waste generated by those counties. You explain that Reno County has assessed a solid waste tonnage fee pursuant to K.S.A. 1999 Supp. 65-3415f from the counties it contracts with. You ask whether the County may assess against those counties it contracts with, a fee for disposal of solid waste that is not associated with tonnage and would not be subject to the spending limitations of tonnage fees.
K.S.A. 65-3410 provides in pertinent part as follows:
 "(a) Each city or county or combination of such cities and counties may provide for the storage, collection, transportation, processing and disposal of solid wastes generated within its boundaries . . . and to do all other things necessary for a proper effective solid waste management system including the levying of fees and charges upon persons receiving service. . . .
. . . .
 "(c) Cities or counties may contract with any person, city, county, other political subdivision or state agency in this or other states to carry out their responsibilities for the collection, transportation, processing and disposal of solid wastes."
These provisions authorize a county to charge fees for solid waste management services and to contract with other counties to carry out solid waste disposal responsibilities. This office has previously opined that a county that levies fees and charges against its residents pursuant to K.S.A. 65-3410, has an interest in exacting from non-residents their fair share of the cost of maintaining a landfill.[1]
K.S.A. 1999 Supp. 65-3414f authorizes a county to impose a solid waste tonnage fee for each ton of solid waste disposed of at a solid waste disposal area operated by the county. Tonnage fees are required to be deposited into a special fund to be used only for closure costs and contamination remediation associated with the disposal area.[2] K.S.A. 1999 Supp. 65-3414f, enacted twenty-four years after K.S.A. 65-3410, specifically states that a solid waste tonnage fee is "in addition to any other fee provided by law." In Attorney General Opinion No. 95-87, we recognized that tonnage fees are distinguishable from solid waste disposal fees authorized by K.S.A. 65-3410.
The fundamental rule of statutory construction is that the intent of the Legislature governs. Legislative intent is determined from the language of the statute itself and from a general consideration of the entire act. When a statute is plain, unambiguous, and appropriate to the obvious purpose, the court should follow the intent as expressed by the words used, rather than determine what the law should or should not be. Words in common usage should be given their natural and ordinary meaning. Different provisions of an act should be reconciled to make them consistent, harmonious and sensible.[3]
With the above principals in mind, the statutes cited above, when read together, allow a county to assess a solid waste disposal fee in addition to a tonnage fee on a county with which it contracts for solid waste disposal services.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] Attorney General Opinion No. 84-39.
[2] K.S.A. 1999 Supp. 65-3415f(c).
[3] Davis v. City of Leawood, 257 Kan. 512, 517-518 (1995).